CITY of ROCKLAND *vs.* FRED T. ULMER.

Knox.    Opinion May 31, 1892.

*Taxes.    Valuation.    Listing of Appraisals.    Suit.    R. S., c. 6, § 175.*

In an action under the statute to recover taxes due a city or town it is not a defense that the assessors made only one valuation for each tax, State county and town, and blended together the several sums to be thus levied, making but one assessment for the whole.

It is not a defense to such action that the assessors made and listed one appraisal in gross of three separate lots of land not adjoining, nor in any way connected with one another, instead of making and listing a separate appraisal for each lot.

Much greater particularity and precision are required when a forfeiture is sought to be enforced than when a simple recovery of a tax by suit is asked for.

ON REPORT.

This was a statutory action of debt to recover a tax of the defendant, an inhabitant of Rockland, assessed for 1888, and amounting to three hundred and eighteen dollars, with interest from October 15, 1888. The writ is dated August 29, 1890. The plaintiff admitted, at the argument, that an abatement of twelve dollars from the tax had been allowed the defendant after application to the county commissioners ; and, also, consented to waive all right to recover, in this action, thirteen dollars and fifteen cents as the defendant's proportion of the sum raised in reduction of the debt on a new school house. It appeared that when the tax of 1888 was raised, the city had previously raised

by loan seven thousand five hundred dollars for building the school house, and then voted to raise three thousand five hundred dollars to pay a part of this loan. The defendant claimed that this loan was illegal because the indebtedness of the city then exceeded the constitutional limit of five per cent upon its regular valuation.

The other contentions of the defendant appear in the opinion.

*W. H. Fogler*, City Solicitor, for plaintiff.

*C. E. and A. S. Littlefield*, for defendant.

In *Jennings* v. *Collins*, 99 Mass. 29, the court say, "but where lands are separated, either by the use or purpose to which they are devoted, or by the mode of their occupation, a tax levied generally upon an entire valuation cannot be made a lien upon each separate parcel, even when they are all owned or occupied by the same person." Assessment void : *Young* v. *Joslin*, 13 R. I. 675 ; *Howe* v. *People*, 86 Ills. 288 ;. *Cadwalader* v. *Nash*, 73 Cal. 43 ; *Allegahny Co. Com.* v. *Union Mining Co.* 61 Md. 545 ; Cool. Tax. p. 280 ; *Torrey* v. *Milbury*, 21 Pick. 64–67.

Statutes do not authorize blending State, county and town taxes in one assessment ; their provisions are inconsistent with such course. State and county tax not payable to the city or town ; if separately assessed as pointed out by the statute they could not be claimed as due the city or town. It is not perceived how merely combining them in the warrant can change the legal status of the tax and the party to whom it is due. That the collector has paid the State and county tax out of other money collected on the taxes commited to him, cannot affect the status as it was an act over which the city had no control. Not only does the town not owe the State for the State tax, but its money cannot legally be used by the treasurer for that purpose. *Wellington* v. *Lawrence*, 73 Maine, 125.

This would hardly be the case if the State tax were the property of or "due" to the town, as it could not be successfully contended that its own funds could not be used to pay its own liability. The language of the statute is significant. "In addi-

tion to the foregoing provisions for the collection of taxes legally assessed, the mayor and treasurer of any city . . . . . to which a tax is due." Here is a clear distinction suggested between taxes legally assessed in a city and taxes "due" to a city. Through their instrumentality State and county taxes are legally assessed, and the city taxes are due to the city.

Counsel cited : *Thayer* v. *Stearns*, 1 Pick. 482 ; *State* v. *Falkinburge*, 3 Green, (N. J. L.) 320 ; *Camden & Amboy R. R.* v. *Hillgas*, 18 N. J. L. 11 ; *State* v. *Bishop*, 34 N. J. L. 45 ; Cool. Tax. p. 294 ; *State* v. *Plainfield*, 38 N. J. L. 94 ; *Folkerts* v. *Powers*, 42 Mich. 283. Counsel commented on *Fairfield* v. *Woodman*, 76 Maine, 550 ; *Norridgewock* v. *Walker*, 71 *Id*. 184 ; *Hayford* v. *Belfast*, 69 *Id*. 64, and other cases cited in them.

EMERY, J. The city of Rockland has brought this action of debt under R. S., ch. 6, § 175, to recover the State, county and city taxes assessed against the defendant for the year 1888 by the tax assessors of Rockland. The defendant concedes his liability to be taxed that year as an inhabitant and property owner in Rockland, but makes some objections to the mode of the assessment which he claims should bar recovery in whole or in part.

I. The assessors of taxes did not make three separate valuations and assessments, one for each tax, State, county and municipal, but made only one valuation, and then blending together the several sums to be levied for State, county and municipal purposes, made one assessment for the whole. The defendant claims that there is no authority for such blending of the three taxes : that this combined tax, not being all for municipal purposes does not belong to the city, or in the language of the statute above cited, is not " due " to the city, and hence is not recoverable by the city.

We may concede that, strictly, the taxes assessed for State and county purposes do not belong and are not "due" to the city. Neither, strictly, do the taxes levied for city purposes belong to the city. Strictly, a municipality has no absolute right in municipal property, or municipal taxes. It holds

municipal property, and levies, collects and expends municipal taxes for public purposes only. While the municipality has by authority of the Legislature considerable control over municipal taxes, it is not as owner, but rather as agent or trustee for the public. The public can at any time through the Legislature take to itself the municipal property, and the proceeds of municipal taxation. It is true, as urged by the defendant, that at the time of this assessment, the collector of taxes was required by statute to pay directly to the State and county treasurers the taxes assessed for State and county purposes, and warrants would issue from such treasurers directly against the collectors for any delinquency, nevertheless, the tax was levied by the State upon the municipality, and the latter was in the end responsible for its payment in full. The municipality was the agency through which State and county taxes were assessed and collected.

Viewing the municipality in the light of an agent or trustee of the public, all the taxes to be assessed and collected through its agency, may be said to be "due" to it as such agent or trustee. The right of action against the delinquent inhabitant, or property owner, was given to the municipality to enable it to perform its duties as such agent, or trustee. We think the State and county taxes assessed upon the municipality are within the purview of the statute granting this remedy.

But, the defendant goes further and insists that the blending of these taxes as above described, being unauthorized by statute, vitiates the whole assessment, and that hence the city cannot recover that part of the tax assessed for municipal purposes.

We understand that just such a blending of the different taxes has been for years and is now almost, if not quite, universally practiced in the different municipalities of the State. Such a general and long continued practice without objection, under a statute, goes far to settle the proper construction of the statute, there being as in this case, no words of prohibition. A construction the people themselves have placed upon a statute of their own making, a construction under which they have long acted without question, should not be disregarded or overturned by the court, unless, indeed, it is found to work a manifest injustice.

We do not see how this mode is unjust to the tax-payer. It does not increase the relative valuation of his property, nor increase the amount of his tax. In answer to the suggestion, that under this mode he cannot elect which tax to pay, and which to resist, it may be said that State, county and town are not separate political taxing powers. All the various taxes are levied and collected by the authority of the State, and are all for the benefit of the people of the State. If any political agency errs, the injured tax-payer has ample remedy, but should not refuse to bear his share of the public burden.

The defendant admits that this mode of assessing taxes has never been before assailed in the courts of this State, but calls our attention to decisions of courts in other States, holding that such a practice or mode is not authorized in those states. Some of these cases came before the court on *certiorai.* Some were cases of sales of property for taxes. None seems to have been like this case, a suit at law for the taxes. Those courts, however, were construing their own statutes as applicable to the cases before them. The practice of their people may have been different or there may have been no general practice. At any rate, those decisions cannot compel us to construe our statute contrary to the general practice and understanding of our people. We must hold that the mode of assessment followed here is sufficient to maintain this action.

II. In his inventory returned to the assessors, the defendant listed three separate lots of land not adjoining, nor in any way connected with one another. Instead of making and listing a separate appraisal for each lot, the assessors made and listed one appraisal for the three in gross. The defendant claims that this was unauthorized and erroneous and avoids the tax on these lots. He cites from other states several decisions in support of his contention. All the cases cited, however, were cases arising from a sale of the property for the non-payment of taxes.

Much greater particularity and precision are always required when a forfeiture is sought to be enforced, than when a simple recovery is asked for. The grouping of these three lots of land in one appraisal may, perhaps, prevent a tax lien attaching to

either, but it did not increase the valuation nor the burden of the tax-payer. The amount of the tax is not affected. The defendant's share of the public burden is the same. The judgment against him in a suit for recovery will be neither more nor less.

The processes heretofore used for the collection of taxes have been somewhat summary. Not judgment, but payment was demanded by them. The citizen was made to stand and deliver, however much he might question his liability. In such cases, the courts have been properly scrupulous about the regularity of all anterior proceedings. This new remedy by suit is of a different nature. It seeks for judgment before execution. It gives the citizen a day in court in which to show cause why he should not pay. The anterior proceedings, therefore, do not need to be scrutinized so closely. If it appear that the citizen was liable to taxation, and that the assessors had proper authority and jurisdiction which they did not exceed, minor irregularities in mere procedure, which do not increase his share of the public burden, nor occasion him any other loss, should not prevent a recovery.

In this case, the defendant was liable to taxation in Rockland. The assessors had full jurisdiction. His share of the year's taxes was ascertained by them. No question is made here about that share. None of the irregularities complained of has varied that share in the least, and we see no good reason why he should not be adjudged bound to pay it.

The plaintiff consents to the deductions claimed by the defendant, viz : Twelve dollars, and thirteen dollars and fifteen cents, and also makes no claim for interest prior to the date of the writ. Hence we have no need to consider those claims.

Costs are recoverable. The collector not only sent the defendant a notice of the amount of his tax, but afterward "demanded payment of him" twice. This was enough to apprise him that a suit or something worse would ensue if he did not pay.

*Defendant defaulted for $292.85 with interest from date of writ.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.