## C. P. HAYNES v. STATE OF TEXAS.

### Decided December 15, 1906.

**1.—Tax Lien—Foreclosure—Pleading—Description.**

In a suit to foreclose a tax lien the petition described the property as "lot No. 4, block L, of Cockrell's Fairland Addition to the City of Dallas, Texas, as the same appears on the map thereof on record in the office of the county clerk of Dallas county, Texas, in volume 142, page 382, records of Dallas county, Texas, to which reference is hereby made." Held, sufficient as against a general and special demurrer. When the description given in the assessment of property for taxes is such that, by applying it to the land, it can be identified, it is a substantial compliance with the requirements of the statute, and is sufficient.

**2.—Same—Description in Tax Rolls—Articles 5111 and 5119, Revised Statutes, Construed.**

Article 5119, Revised Statutes, has reference more particularly to acreage property, and should not be made to control article 5111 in assessing property which has been laid out into lots and blocks and made an addition to a city or town. The omission, therefore, from the tax rolls of the abstract, certificate and survey number, etc., is immaterial in the case of city property if the description otherwise furnishes the means by which the property can be identified from the description itself, or by the use of extrinsic evidence. A more liberal rule applies under the present procedure for the collection of taxes than under the former.

**3.—Unrendered Property—Duty of Assessor—Statute Construed.**

The failure of the assessor to prepare a list of unrendered property and to submit such list to the Board of Equalization for its approval, as required by the statute, did not of itself render the assessment of such property void where the property was placed on the tax rolls by the assessor and such rolls examined and approved by the Board of Equalization. The provisions of the statute in this respect are directory, and in order for a taxpayer to take advantage of such failure he must show that he has been injured by the omission.

**4.—Same—Innocent Purchaser.**

Where the description of the property on the tax rolls is sufficient to identify the same, and the delinquent rolls show that the taxes have not been paid,· a purchaser of such property can not claim to be an innocent purchaser.

**5.—Assessment—Validating Statute.**

Chapter 7, title 130, of the Acts of the Twenty-ninth Legislature (General Laws of 1905, p. 318), validating defective assessments, is not retroactive nor in violation of sections 16 and 19 of article 1 of the Constitution.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*C. P. Haynes, in pro per.*—The exceptions to the petition should have been sustained. It appears from said petition and schedule thereto attached that the description of the property in question is not such as is required by law to fix a tax lien, because neither the name of the survey of which said property is a part, the abstract number, the certificate number, the survey number nor the number of acres in the survey is shown. Texas Rev. Civ. Stats., art. 5119; Maddox v. City of Rockport, 38 S. W. Rep., 398; Morgan v. Smith, 70 Texas, 641; State of Texas v. Farmer, 94 Texas, 232; Rosenberg v. Weeks, 67 Texas, 587; Wolf v. Gibbons, 69 S. W. Rep., 239.

The assessment rolls are not admissible in evidence when they fail to show the name of the survey, the abstract number, the certificate number, the survey number, or the number of acres in the grant. Gulf, C. & S. F. Ry. Co. v. Poindexter, 70 Texas, 103; Moses v. McFarlin, 2 U. C., 291.

In assessing unrendered real estate for taxation failure of tax assessor to give either the abstract number, certificate number, survey number, original grantee or the number of acres in grant, as required by Texas Revised Civil Statutes, article number 5119, renders the assessment void, and creates no lien on the property. State of Texas v. Farmer, 94 Texas, 233; Eustis v. City of Henrietta, 90 Texas, 472; Morgan v. Smith, 70 Texas, 641; Henderson v. White, 69 Texas, 103; Gulf, C. & S. F. Ry. v. Poindexter, 70 Texas, 98; McCormick v. Edwards, 69 Texas, 107.

The deficiency in description rendered assessment void, and the Twenty-ninth Legislature had no power to cure such defect, and insofar as section 7, chapter 130 of the Acts of 1905 would appear to validate such void assessment it is retroactive within the meaning of section 16, article 1, of the Constitution of the State of Texas. Secs. 16 and 19, "Bill of Rights," art. 1, Constitution of the State of Texas; Mellinger v. City of Houston, 68 Texas, 48; Cooley on Taxation, chap. 10, p. 223; Cooley on Constitutional Limitations, pp. 449 to 466, inclusive.

The partial description given of said property on the rolls was unambiguous and needed no extraneous evidence to explain it. The only question before the court was whether article 5119 of the Revised Civil Statutes had been complied with by the assessor in making this assessment, and this must be answered by the description on tax rolls alone. This must be distinguished from a city assessment. Wofford v. McKinna, 23 Texas, 46; Wooters v. Arledge, 54 Texas, 397; 27 Am. and Eng. Ency. of Law (2d ed.), p. 686.

The listing of unrendered property by the assessor and the revision and approval thereof by the Commissioners' Court are essential elements of an assessment, and the Legislature is without power to cure such defects, and insofar as section 7, chapter 130, of the Acts of the Twenty-ninth Legislature seeks to validate such defects it is unconstitutional. Secs. 16-19, "Bill of Rights," art. 1, Constitution of the State of Texas; Mellinger v. City of Houston, 68 Texas, 48; George v. Dean, 47 Texas,

86; Cooley on Taxation, chap. 10, p. 223; Cooley's Constitutional Limitations, pp. 449 and 455.

*Hatton W. Sumners,* County Attorney Dallas County, *A. B. Flanary* and *J. Lawson Goggans,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the State of Texas to foreclose certain tax liens alleged to exist against lot 4, block L, of Cockrell's Fairland Addition to the city of Dallas.

The defendant Haynes answered by a general and special exception; by general denial, and further averred that he purchased the lot subsequent to the time of the accrual of said pretended liens and without notice of same. The cause was tried before the court without a jury upon an agreed statement of facts and judgment rendered in favor of plaintiff. The defendant excepted to the judgment and perfected an appeal to this court.

1. It is contended that because in the petition and schedule attached thereto neither the name of the survey of which the property is a part, the abstract number, the certificate number, the survey number, nor the number of acres in the survey was shown on the tax rolls the assessment was void, and for this reason defendant's general demurrer should have been sustained. The petition described the property as "lot number 4, block L, of Cockrell's Fairland Addition to the city of Dallas, Texas, as the same appears upon the map thereof on record in the office of the county clerk of Dallas County, Texas, in volume 142, page 382, records of Dallas County, Texas, to which reference is hereby made." The petition alleged substantially that all the various steps necessary to a proper assessment and necessary to the institution and maintenance of the suit had been taken. It prays for judgment for the amount of the taxes alleged to be due and for a foreclosure of the tax lien. It sought no personal judgment against defendant. The suit was brought under the law of 1897, as set out in articles 5232A to 5232Q of Sayles' Civil Statutes. The petition was sufficient, when tested by a general demurrer.

Nor was there error in overruling the special exception to the sufficiency of the description given in the schedule attached to the petition in that it fails to show where said property is located and fails to give the name of the survey of which the property is a part, the abstract number, certificate number, survey number and number of acres in the survey. The heading showed that the schedule was a record of the delinquent taxes due upon the property. It further showed under the heading, "To Whom Assessed," the word "Unknown." It further contained a heading, "Description of City and Town Lots." Under this heading and in the column headed, "Lot," was the figure "4." Under the heading, "City or Town," was the name "Dallas." Under the heading, "Block," was the letter "L," and under the heading, "Addition," was "Cockrell's Fairland." From this description it is apparent that the property assessed is lot number 4 of block L of Cockrell's Fairland Addition to the city of Dallas. This description was sufficient, and the fact that the petition went further and stated that the map of this addition was recorded, and gave the book and page of the record where the map could be found, showed how the lot described in the assessment could be located on the

ground from the description given. If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute, and is sufficient. (State v. Farmer, 94 Texas, 235.)

2. It is insisted that the trial court erred in admitting and considering in evidence the tax rolls for the years 1900, 1901 and 1902, for the reason that said rolls described the property as follows: "Owner unknown, abstract No. ——, certificate No. ——, survey No. ——, original grantee——, acres in grant——, city or town, Dallas; number of lot, 4; number of Block, L; value, $100, Cockrell's Fairland Addition." It is contended that as the rolls failed to show the name of the survey, the abstract number, the certificate number, survey number or the number of acres in the grant, they did not sufficiently describe the land and ought not to have been admitted in evidence. The only objection made to the rolls was that they did not sufficiently describe the property.

By article 5119 of the Revised Statutes, it is provided that, "If the assessor of taxes discovers any real property in his county subject to taxation which has not been listed to him, he shall list and assess such property in the manner following, to wit: 1. The name of the owner; if unknown say 'unknown.' 2. Abstract number and number of certificate. 3. Number of the survey. 4. Name of the original grantee. 5. Number of acres. 6. The true and full value thereof. 7. The number of lot or lots. 8. The number of the block. 9. The true and full value thereof. 10. The name of the city or town, and give such other description of the lot or lots or parcels of land as may be necessary to better describe the same; and such assessment shall be as valid as if rendered by the owner thereof." Construing this article literally a compliance with the first five requirements therein set out, would seem to be necessary to a valid assessment in all cases. We are of the opinion however, that this article should be construed in connection with article 5111, which reads: "Each assessor shall be required to make an abstract of all the blocks or subdivisions of each of the cities or towns or villages of his county, in a book or books of at least four hundred and eighty pages each, to be furnished him by the Commissioners' Court of his county for that purpose, with an index book to the same, which said book or books shall have a blank space for a diagram or plot of each block or subdivision, giving the number of the lots as per form following:

Block No.—Assessor's Abstract of City Lots in—County, City of—.

| Year | Owner's Name | No.Lot | Value |
|------|--------------|--------|-------|
|      |              |        |       |

| Year | Owner's Name | No.Lot | Value |
|------|--------------|--------|-------|
|      |              |        |       |

And the said assessor shall draw a plot of each block in the blank space left for that purpose, giving the number of each lot. And the whole of said block or subdivision shall be a debit against the assessor."

The purpose of these articles is to cause the property to be so described by the assessor as that it can be identified. The case of Eustis v. City of Henrietta, 90 Texas, 468, involved an assessment by a city in which was given the name of the owner, the year, name of the addition and was for an entire block. The Supreme Court held the description sufficient. In the opinion the court say: "In treating of a description given by the assessor for State and County taxes, this court, in the case of Morgan v. Smith, cited above, held that the assessment was void because it failed to embrace certain requisites of the statute, but used this language, which we think applicable to the present case: 'It would doubtless be a sufficient description, when an entire survey is assessed, to give the owner's names, if known, or, if unknown, say unknown, together with the abstract number, certificate number, etc.' The requirement to give the abstract, certificate and survey numbers does not apply to an assessment for city purposes. But the language used quoted applicable to the question before us because the assessment under consideration was of an entire block, which is analogous to an assessment of an entire survey, and contains all required by the case cited, except the numbers. If we test the sufficiency of the description given in the assessment made in the present case, we find that the entire block is assessed as the property

of W. G. Eustis; that it is situated in the city of Henrietta and is block 31 in that city on land granted to McKinney & Williams or in the addition made by them to the city of Henrietta. By examination of the records we could learn that the city was located in whole or in part, as the case may be, upon the McKinney & Williams survey; that there was a block number 31 in the city of Henrietta upon that survey claimed by W. G. Eustis, and also that there is no addition to the city of Henrietta known as the McKinney & Williams addition. Thus, by resorting to extraneous evidence, which is frequently necessary, we can apply the description given in the assessment to the block of land as found upon the ground and thus arrive at a satisfactory identification of the property." The court in this opinion treats a city block as analogous to an entire survey and holds that the giving the number of the block in a described addition to the city as a sufficient description of that block. The court there announces the general rule that "Such description is sufficient when it furnishes the means by which the property can be identified from the description itself, or by the use of extrinsic evidence to apply that description to the property."

It is true that the assessment in that case was a city assessment; while here it is a State and county assessment of a lot in an addition to a city. Keeping in mind that the purpose of article 5119 is to require such description of the land as will enable the owner or other persons interested to know upon what particular lot or parcel of land taxes are demanded, we think the reasoning in the Eustis case is applicable here. Construing article 5119 in connection with article 5111, it would seem that the former had reference more particularly to acreage property and should not be made to control over article 5111 in assessing property which has been laid out into lots and blocks and made an addition to a city. or town. It was shown that Cockrell's Fairland Addition was a well known and well defined addition to the city of Dallas, Texas, and that the portion of said addition in which the property embraced in this suit is located is correctly platted into lots and blocks. It is clear that the description in the tax rolls was sufficient to identify this property and taken in connection with the map of the addition it could be identified on the ground.

The purpose of this suit is to establish a lien on the property for taxes, in which a more liberal rule applies than in a sale of the land under the tax rolls. (Cooper Groc. Co. v. City of Waco, 71 S. W. Rep., 619; City of Rockland v. Ulmer (Me.), 24 Atl. Rep., 949.) Formerly, the process for the collection of taxes was by a sale of the property and was in its nature summary. In such cases the courts scrutinize the proceedings closely to see that the description is sufficient and that all the anterior proceedings leading up to the sale have been fully complied with. It was shown that the present Comptroller of the State, and all other Comptrollers of the State of Texas, who have held the office since the enactment of article 5119 of the Revised Statutes, have placed upon said article the same construction that is here contended for, that is, that the description appearing on the tax rolls is sufficient. While such holding would not be binding on the courts we think it may be looked to as showing that the policy of the State has been to treat a description which

identifies the property as sufficient. The evidence was admissible and properly considered by the court.

3. Were the assessments for the years 1900 and 1901 void by reason of the failure of the assessor to list the property for those years and present such lists to the Commissioners' Court for examination, correction and approval? The defendant offered to show, and it was agreed that if permitted he could show, that for the years 1900 and 1901 the property was not listed by the tax assessor and that no listing of the same was submitted to the Commissioners' Court, sitting as a board of equalization. But that the lot was placed upon the assessor's block books, which books were never inspected or approved by said board, and then entered upon the tax rolls and that said tax rolls were submitted to the Commissioners' Court, sitting as a board of equalization for examination, correction and approval. The court sustained an exception to this evidence. The appellant complains of this action. The law contemplates when the assessor discovers any real estate in his county subject to taxation, which has not been assessed, that he shall list the same, and that the lists shall be presented to the Commissioners' Court sitting as a board of equalization, for inspection, examination and approval. The tax rolls are then made up by the assessor from the lists so corrected and approved and the tax rolls themselves are then presented to the Commissioners' Court, sitting as a board of equalization, for examination, correction and approval. The tax rolls for 1900 and 1901 were presented to and were examined and approved by the Commissioners' Court sitting as a board of equalization. The particular omission complained of was the failure of the tax assessor to list the property and present the list to the board for approval. Did this omission render the assessment for the years named void? The list when received from the assessor does not constitute an assessment, but only aids in obtaining a true description of taxable property, and is evidence from which an assessment may be made. (Cooley on Tax., vol. 1, p. 618 (7th ed.)

In the case of State v. Carr, 77 S. W. Rep., 543, it was held by the Supreme Court of Missouri, construing the tax laws of that State, that an omission to list the property was not one of the essentials of the law governing the assessment of property for taxation; that such provision was merely directory and not mandatory, and a failure of the assessor to make out the list did not vitiate the assessment.

In this State a substantial compliance with the statute is treated as sufficient to fix a lien for taxes. (State v. Farmer, 94 Texas, 235.)

It was the duty of the owner of the lot to list it for taxation. This duty he failed to perform. It then became the duty of the assessor to list and assess the lot. He failed to list it, but it was assessed. It is not denied that the property was subject to taxation. It was situated in Dallas County and was liable for taxation in that county. The tax assessor had full jurisdiction over the property. It is not alleged that the valuation placed upon the property by the assessor and which the board of equalization approved, was not its true taxable value. It is not denied that the tax assessed against the lot is its proper share of taxes for the years named.

Appellant fails to show that he has been injured by the failure of the assessor to list the lot. We are of the opinion that the provision in the

statute imposing the duty on the assessor to list the property is directory and that in order for the taxpayer to take advantage of such failure he must show that he has suffered by the omission. (State v. Carr, supra; City of Rockland v. Ulmer, supra.) The tax rolls returned to the board of equalization were headed as follows: "Roll of unrendered property in Dallas County assessed for taxation by J. E. Turner for the year 1901." At the end of the roll was a proper certificate of the assessor, as required by the statute, showing among other things, "that the rolls to which this is attached contain a correct and full list of the real and personal property subject to taxation in Dallas County," etc. This certificate was sworn to by the assessor and the rolls were examined and approved by the board of equalization. No objection was made before the board of equalization of the assessment of the lot as rendered by the assessor or to his failure to list the same. There was no error in excluding the evidence.

Appellant insists that the defects in the assessments rendered the same ineffectual to charge him with notice of the tax liens and having purchased since the assessment he should be protected as an innocent purchaser. Having held that the description of the property on the tax rolls was sufficient to identify the same, and the delinquent rolls showing that the taxes had not been paid, the appellant can not be considered an innocent purchaser.

4. Again, the objections urged by the appellant to the judgment foreclosing a tax lien in this case are: (1) the property is not sufficiently described in the tax rolls; (2) that for the years 1900 and 1901 the property was not listed by the tax assessor and the list presented to the Commissioners' Court for examination, correction and approval. Chapter 7, title 130 of the Acts of the Twenty-ninth Legislature (Gen. Laws of 1905, p. 318), attempts to validate assessments defective in these respects. The appellant contends that the Legislature had not the power to enact a law curing these defects and that the Act is unconstitutional. The contention is made that this law is prohibited by sections 16 and 19 of article 1 of the Constitution. The particular contention seems to be that the law is retroactive.

A statute which takes away or impairs any vested right acquired under existing laws, or creates new obligations, or imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, is to be deemed retroactive or retrospective. (Hope Ins. Co. v. Flynn, 38 Mo., 483.) The Act was designed to cure two defects in the assessment: first, the defect in the description; and second, the defect in listing the property and the submission thereof to the board of equalization.

It was the right of the taxpayer to have his property so described in the assessment as to enable him to identify it. We hold that the tax rolls did this. He had the right to demand that a fair valuation should be placed upon the property, and an opportunity to appear before the board and contest the valuation. Neither of these rights was denied him. The statute directing the assessor to list the unrendered property and submit it to the board for approval before placing it on the tax rolls we are of the opinion was not such a legal right, as that a failure to perform it, would render the assessment void. The matters omitted

in both the description and listing were formalities, not in any way essential to protect the taxpayer and could have been dispensed with by the Legislature in advance and may be dispensed with by an Act validating such assessment. (De Cordova v. Galveston, 4 Texas, 470-74; Morris v. State, 62 Texas, 740; McMickle v. Hardin, 61 S. W. Rep., 322; Nolan County v. State, 83 Texas, 200; De Zbranikov v. Burnett, 31 S. W. Rep., 71.)

We conclude that section 7 of chapter 130 of the Twenty-ninth Legislature is valid and that it cured the informalities complained of in the assessment of appellant's property.

Finding no error in the judgment, the same is affirmed.

*Affirmed.*

Writ of error refused.