ALCORN v. MEANS et al. (No. 2500.)

(Court of Civil Appeals of Texas. Amarillo. May 20, 1925. Rehearing Denied June 10, 1925.)

1. Execution ⊝81—Execution held not invalid because not naming other defendants against whom judgment was rendered.

Execution held not invalid because not naming other defendants against whom judgment was rendered, where it appeared that judgment was rendered against defendant named in execution alone, and that other defendants were named only that any claim or right asserted by them to property foreclosed on would be eliminated by such foreclosure.

2. Execution ⊝103—Objection to execution should have been taken advantage of by direct proceeding.

If execution was invalid because not naming other defendants against whom judgment was rendered, it should have been taken advantage of by direct proceeding, and not by objection to admissibility of execution as evidence in suit in trespass to try title.

3. Trial ⊝84(4)—Execution held admissible to establish title of purchaser at sale thereunder.

In trespass to try title, execution was admissible to establish title of purchaser at sale thereunder, while judgment stood in force, even though it appeared on its face to be erroneous and voidable, where objection went only to admission of execution in evidence.

4. Execution ⊝83—Execution held not invalid because commanding sheriff to collect only balance due on judgment.

Execution held not invalid because commanding sheriff to collect only balance due on judgment, where, in describing judgment execution gave correct amount for which it was rendered, and it appeared from judgment that trial court ordered foreclosure of a purchase-money lien on property named in judgment, and foreclosure was had and a certain sum realized at the sale.

5. Execution ⊝78, 95—Execution not invalid for failure to state number of executions previously issued or for failure of officer to comply with statute.

An execution is not invalid for failure to include number of executions previously issued, nor for failure of officer to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 3731, as against judgment debtor.

6. Trial ⊝84(3)—Execution not rendered inadmissible by objection that judgment debtor had no title to the land.

In trespass to try title, execution constituting chain in plaintiff's title was not rendered inadmissible as against objection that judgment debtor had no title to the land.

7. Pleading ⊝34(3)—Every intendment indulged in favor of petition, where not attacked by special exception.

Every reasonable intendment should be indulged in favor of petition to sustain its allegations, where it has not been attacked by special exception.

8. Trespass to try title ⊝40(5)—Execution held admissible as muniment of title conveying ownership of defendant in the land to plaintiff.

In trespass to try title against an unincorporated joint-stock company or association, with defendant as sole trustee, general agent, and sole partner, and against defendant individually, execution levied on land of defendant should have been admitted in evidence as a muniment of title conveying defendant's ownership in such land to plaintiff, if there was testimony to prove defendant's sole ownership thereof.

Appeal from District Court, Wichita County; Paul Donald, Judge.

Suit by J. F. Alcorn against E. L. Means and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Ewing Clagett, of Wichita Falls, and W. G. Eustis, of Henrietta, for appellant.

Kay, Akin & Smedley and Weeks, Morrow & Francis, all of Wichita Falls, for appellees.

RANDOLPH, J. This suit was instituted in the Eighty-Ninth district court of Wichita county, Tex., by J. F. Alcorn, as plaintiff, against E. L. Means, Producers' Oil & Refining Company, a joint-stock association or

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

partnership, with E. L. Means, vice president (sole partner) and trustee, Roy I. Carter, Tidal Western Oil Corporation, Lowery Oil Corporation, and Western Oil Corporation, as defendants, to recover in trespass to try title certain land in Wichita county, Tex., and also for judgment for the value of oil alleged to have been taken therefrom by defendants. Judgment for defendants was rendered on an instructed verdict, from which judgment appeal is had to this court.

Plaintiff offered in evidence the following execution and indorsements thereon:

"The State of Texas to the Sheriff or Constable of Wichita County—Greetings:

"Whereas, at the April term of the honorable district court of Clay county, Texas, on the 26th day of April, 1920, J. F. Alcorn, plaintiff, recovered a judgment against E. L. Means et al., defendants, for the sum of five hundred and 89/100 dollars and all costs of suit, which said defendant is now entitled to pay; and whereas, a fieri facias thereon issued to Clay county, on the 1st day of July, 1920, and was returned indorsed as follows: Levied on 2.39 acres of land in block No. 37, Byers Brothers Sub.

"Now, therefore, you are hereby commanded, ——— times heretofore commanded, that of the goods and chattels, lands and tenements of the said E. L. Means, defendant, you make, or cause to be made the sum of four hundred eighteen and 83/100 dollars and with 6 per cent. interest thereon from the date of the rendition of said judgment until paid, and the further sum of one dollar and twenty-five cents, by way of costs, together with your legal fees and commissions for collecting the same.

"Herein fail not to make due execution and return of this writ on or before the fourth Monday in April, A. D. 1921, that being the first day of the next regular term of our said district court, certifying hereon your manner of execution. Attest: Paul Teague, Clerk of the District Court, Clay County.

"Given under my hand and seal of the district court at office in Henrietta, this the 1st day of March, A. D. 1921. Paul Teague, Clerk District Court, Clay County, Texas, by ———, Deputy. [Seal.]

"Bill of Costs:
Alias execution..................... $ .75
Recording returns.................. .50
———
$1.25

"Said execution indorsed No. 4328, J. F. Alcorn v. E. L. Means et al."

To the introduction of which execution the defendants interposed the following objections: (1) Because it failed to show the names of all the parties to the suit in which it was issued. (2) It did not show how many previous executions had been issued in the cause prior to the issuance of the execution tendered in evidence. (3) The execution did not include the officer's return upon previous executions. (4) Because E. L. Means had no title or connection with the title to the land in controversy. These objections were sustained, and said execution was not admitted in evidence before the jury, and thereafter the trial court instructed the jury to return a verdict for the defendants.

The judgment upon which the execution in question herein was based, is as follows:

"J. F. Alcorn v. E. L. Means. No. 4328.
"In the District Court of Clay County, Texas.
"Monday, April 26, 1920.

"This day this cause was regularly called for trial, and the plaintiff appeared, but the defendant, although duly cited, failed to appear and wholly made default, and, no jury being demanded, the matters in controversy, as well of fact as of law, were submitted to the court. After hearing the evidence it is considered by the court that the plaintiff, J. F. Alcorn, do have and recover of the defendant E. L. Means the sum of five hundred and 89/100 ($500.89) dollars, and that he have a foreclosure of his lien on the land in controversy against the defendants, E. L. Means, J. G. Pyle, and Dallas Petroleum Oil & Gas Association, and that he have judgment for costs in this behalf expended, except the costs incurred as to J. G. Pyle, which costs plaintiff pays.

"And it further appearing to the court that the debt herein sued on is the purchase money for the following described tract of land, to wit: Situated in Clay county, Texas, about half a mile northwest from the town of Petrolia, out of the southeast corner of block No. 37, of Byers Bros. subdivision as shown by plat recorded in volume 49, p. 326, Clay County Records of Deeds, beginning at a point 20 feet west and 20 feet north from the southeast corner of the said Byers Bros. subdivision of block No. 37; thence west 233 feet to the southeast corner of the S. F. Taylor tract; thence north 466.7 feet with the east line of said Taylor tract to its northeast corner; thence east 233 feet to a point 20 feet west of the east boundary line of said block No. 37; thence south 466.7 feet to place of beginning, containing 2.39 acres—It is ordered, adjudged, and decreed by the court that the lien as it existed on the 26th day of May, A. D. 1919, upon the above-described tract of land, be and the same is hereby foreclosed, and that the clerk of this court do issue an order of sale directed to the sheriff or any constable of Clay county, commanding him to seize and sell the above-described tract of land as under execution, and that he apply the proceeds thereof to the payment and satisfaction of the said sum of $500 with all interest that may be due thereon and the costs of this suit; and, if the said land shall sell for more than sufficient to pay off and satisfy said sum of money, then the said officer is hereby directed to pay over the excess to the defendant E. L. Means; but, if the said land shall not sell for enough to pay off and satisfy this judgment, then said officer shall make the balance due as under execution.

"And it is further ordered that the said officer place the purchaser of said property in possession thereof within thirty days after the day of sale, and said order of sale when issued shall have all the force and effect of a writ of possession."

[1-3] It is apparent, from the face of the judgment introduced in evidence, that the

money judgment therein rendered was rendered against Means alone. The other defendants were named in such judgment only that any claim or right asserted by them to the property foreclosed on would be eliminated by such foreclosure, and thereafter it was proper that execution should issue against Means only for any balance remaining unpaid on the judgment. In any event, if there was any objection to the names of the other defendants being left out, it should have been taken advantage of by a direct proceeding, and not by objection to the admissibility of the execution as evidence (Wyche v. Clapp, 43 Tex. 546), and, this being correct, the execution was admissible to establish the title of the purchaser at the sale under such execution, while the judgment stood in force, even though it appeared on its face to be erroneous and voidable.

[4] The judgment was for a specific sum, and the execution, in describing such judgment, gave the correct amount for which it was rendered. When it commands a sheriff to make a levy to satisfy the amount due on the judgment, it names a less amount. It appears from the face of the judgment that the trial court ordered the foreclosure of a purchase-money lien on the property named in the judgment; the record shows that the foreclosure was had, and a certain sum was realized at the sale. It was proper that the execution should have commanded the sheriff to collect only the balance due upon such judgment.

[5] An execution is not void for failure to state the number of executions previously issued. Corder v. Steiner (Tex. Civ. App.) 54 S. W. 277. The execution is not invalid because of the failure of the officer to comply with article 3731, V. S. C. S. 1914, as against the judgment debtor. Wilson v. Swasey (Tex. Sup.) 20 S. W. 48. The statutes prescribing the requirements of an execution are discussed in Collins v. Hines, 100 Tex. 306, 99 S. W. 405, Houston Oil Co. v. Randolph (Tex. Com. App.) 251 S. W. 794, 28 A. L. R. 926, and are conclusive on the question that such defects as herein raised of the execution in controversy are mere irregularities, and do not render the execution void.

[6] The objection that the execution issued on the judgment against Means was inadmissible, because Means had no title to the land, was not a proper objection to that instrument as evidence. Whether the evidence disclosed any title in Means to the land in controversy, was a subsequent inquiry which the court was authorized to consider as arising on the whole case.

[7] Plaintiff, appellant, brings this suit against, among others, Producers' Oil & Refining Company, alleged to be an unincorporated joint-stock company or association, with E. L. Means as sole trustee, general agent, and sole partner, and against E. L. Means, individually. Consequently, one of the issues in the case is: Was E. L. Means the sole owner of the land in controversy? Every reasonable intendment should be indulged in, and will be read into such instrument to sustain its allegations, when it has not been attacked by a special exception. Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649; Jackson v. Greenville Compress Co. (Tex. Cr. App.) 202 S. W. 324; Aynesworth v. Peacock Military College (Tex. Civ. App.) 225 S. W. 866.

[8] Applying this rule, the action of the trial court, in sustaining the objection to the execution, and in refusing to admit it in evidence, was unwarranted: First, because the objection was not a proper objection to be leveled at the introduction of the execution as evidence; second, the petition seeking recovery against Means individually, and having expressly charged as to his connection with, or relation to, the Producers' Oil & Refining Company, was that of sole trustee, "general agent, and sole partner," and that such oil company was a joint-stock association or partnership, and such allegation being by intendment, and to the effect, that Means was the sole owner of such association, such execution should have been admitted in evidence as a muniment of title conveying such ownership of Means in the land in controversy, if there was testimony to prove such sole ownership.

The question as to whether or not the peremptory instruction given to the jury to return a verdict in favor of defendants was fundamentally erroneous rests on the proposition that there is some evidence in the record to show title in Means. The evidence as to such ownership is largely circumstantial, and is based upon the construction or interpretation of instruments introduced in evidence. We can give neither the time nor the space in this opinion necessary to establish that there is evidence in the record sufficient to have required that the trial court submit such question to the jury. It is sufficient to say that the evidence is complicated and conflicting and not conclusive, but there is sufficient evidence raising the question of Means' ownership to require its submission to the jury.

We conclude also that the action of the trial court in rendering judgment in favor of defendants, quieting their title to the land, was not warranted by the evidence. The evidence at all events would have authorized the court only to have entered judgment that the plaintiff take nothing by his suit.

We therefore reverse the trial court's judgment against the appellant and in favor of appellees, and remand the case for a new trial.