**Gayland CARSON, Jim Swann, Monte Tatum, Carroll Land, John Pennington, and Fred Couch, Appellants,**

v.

**Monique JOHNSTON, President, Gustine Independent School District Board of Trustees, Appellee.**

No. 11–01–00287–CV.

Court of Appeals of Texas, Eastland.

Oct. 18, 2001.

Jim Parker, Comanche, for appellants.

Roger D. Hepworth, Henslee, Fowler, Hepworth & Schwartz, Austin, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

McCALL, Justice.

This is an appeal from the denial of an election contest. We affirm the judgment of the trial court.

On May 5, 2001, the Gustine Independent School District (Gustine ISD) conducted an election for school board trustees and for the approval of a 1.6 million dollar bond issue. The bond issue passed by a three-vote margin of 91 votes in favor and 88 votes against. Appellants filed a contest challenging the election pursuant to TEX.ELEC.CODE ANN. §§ 221.001 et seq. & 233.001 et seq. (Vernon 1986 & Supp.2001). The trial court denied the contest, and appellants perfected this appeal.

It is undisputed that the boundaries for the school district include portions of the four voting precincts in Comanche County, that the election was conducted with certified voter registration lists of the entire four precincts, and that a list of only those voters residing in the Gustine ISD was not requested. On appeal, appellants argue that they can not show which illegal votes were cast because there was never a list of only those voters eligible to vote in the school district election; therefore, the May 5 election was illegal. We disagree.

We note that, as opposed to an "ordinary lawsuit," an election contest is a special legislative proceeding. *Rossano v. Townsend,* 9 S.W.3d 357 (Tex.App.—Houston [14th Dist.] 1999, no pet'n). Section 221.003 of the Election Code provides that the trial court inquires into whether the outcome of the election was not the "true outcome" due to the casting of illegal votes or due to the actions of an election official. To prevail, the proponents of an election contest must establish not only that a violation of the election code occurred but also that the violation materially affected

the outcome of the election. *Price v. Lewis*, 45 S.W.3d 215 (Tex.App.—Houston [1st Dist.] 2001, no pet'n); *Olsen v. Cooper*, 24 S.W.3d 608 (Tex.App.—Houston [1st Dist.] 2000, no pet'n); *Honts v. Shaw*, 975 S.W.2d 816 (Tex.App.—Austin 1998, no pet'n); *Tiller v. Martinez*, 974 S.W.2d 769 (Tex.App.—San Antonio 1998, no pet'n); *Guerra v. Garza*, 865 S.W.2d 573 (Tex. App.—Corpus Christi 1993, no pet'n). The courts have recognized that this is a "heavy" burden. *Price v. Lewis*, supra; *Olsen v. Cooper*, supra. The standard of review on appeal is whether the trial court abused its discretion. *Price v. Lewis*, supra; *Olsen v. Cooper*, supra; *Rossano v. Townsend*, supra; *Honts v. Shaw*, supra; *Tiller v. Martinez*, supra; *Guerra v. Garza*, supra.

■ Appellants contend that, because Gustine ISD failed to secure a list of only those voters eligible to vote in the Gustine ISD, it was impossible for them to sustain their burden to establish the number of actual voters who were ineligible and how they voted. Therefore, appellants argue that Gustine ISD's failure violated the Texas Election Code in a material way which affected the outcome of the May 5 election. Appellants are attempting to impose a requirement not found in the Texas Election Code. TEX. ELEC. CODE ANN. § 18.001 (Vernon Supp.2001) provides that each year the registrar shall prepare a certified list of registered voters for each precinct in the county. Section 18.001 only requires the registrar to prepare "a list that contains only the names of the voters who reside in the political subdivision" when a proper request by the election authority is made.[1] Neither Section 18.001 nor any other section of the Texas Election Code required Gustine ISD to have the specialized list prepared as a prerequisite to a valid election.

Although it might be helpful, a specialized list is not necessary for a proper election. When a voter signs the voter roster prior to voting, the voter is certifying that he or she meets the residency requirements for the election. TEX. ELEC. CODE ANN §§ 63.0011 & 63.002 (Vernon Supp.2001). By comparing the names on the voter rosters or poll lists with the certified lists of registered voters for the precincts and the map of the school district, appellants could have determined which voters were residents of the school district and, thus, were eligible voters and which voters were not. The chief appraiser testified that her map and the county clerk's map showed the same boundaries for the Gustine ISD. The chief appraiser further testified that she has a metes and bounds description of Gustine ISD.

Carroll Land testified that, while he believed it was in the Gustine Independent School District, his residence was in fact in the Hamilton Independent School District and that he paid school taxes to the Hamilton district but paid no school taxes to the Gustine district. Rhonda Woods, the Chief Appraiser for the Comanche Central Appraisal District, and Ruby Lesley, the Comanche County Clerk, each testified that, from the records in their offices, they determined that Land's residence was in the Hamilton school district and not in the Gustine ISD. After the trial court determined that he was not an eligible voter and had cast an illegal ballot, Land testified that he had voted against the bond issue. The only other illegal voter identified at trial was Dr. Lawrence Craig Petta.

---

1. Gay Horton, voter registrar for Comanche County, testified she was not requested to prepare a list of only the registered voters in the Gustine Independent School District. Appellants could have requested the list under TEX. ELEC. CODE ANN. § 18.013 (Vernon Supp.2001) but did not.

Dr. Petta testified that after the election he learned that he lived outside the Gustine ISD and that he had voted in favor of the bond issue.

With only two illegal voters identified[2] (one voting in favor of the bond issue and one voting against the bond issue) and no proof of material irregularities which affected the outcome of the election, appellants did not sustain their burden at trial. The trial court did not abuse its discretion by denying the contest.

The judgment of the trial court is affirmed.

---

**2.** Land testified that his wife voted in the election, but Mrs. Land did not testify at trial. There was no evidence as to how she voted.