

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00126-CV
_____

RK GREENERY INCORPORATED, Appellant

V.

TEXOMA PLANT & TREE FARMS, LLC, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2007-544

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

RK Greenery Incorporated (RK) appeals summary judgments granted in favor of Texoma Plant & Tree Farms, LLC (Texoma) on the ground that the trial court improperly disregarded parol evidence. Because the trial court did not rule on the parol evidence issue, RK has failed to preserve an issue for appeal. We affirm.

## I.        Procedural Background

In June 2007, Texoma, a tree producer, sold RK, a commercial landscape contractor, a nascent portable forest of 360 live oak trees, each tree in a forty-five-gallon container. The trees were delivered in three shipments, made on June 19, 20, and 27, 2007, and were thereafter planted by RK at various landscaping projects in Texas. After the trees were accepted, RK received three invoices totaling $50,400.00. Only the invoice for June 20 in the sum of $8,400.00 was paid, leaving an unpaid balance of $42,000.00. Because RK failed to pay the remaining invoices, Texoma filed suit for breach of contract.[1] Texoma's petition alleged that RK agreed to make payments at specific times as stated in the invoices, the first two of which included the term "Net 30" and the third stated "Net 45" (i.e., that payment was to be made within thirty or forty-five days of delivery).

However, RK responded that it "never agreed to make a payment at a specific time." According to RK, Texoma's representatives had requested that RK purchase "a large lot of trees from Texoma because Texoma was having serious difficulties marketing the trees" and, as an inducement

---

[1]Although Texoma contends this was a suit on sworn account, its petition was unverified.

2

to make the sale, its representative "insisted that Texoma would accept payments on whatever schedule RK Greenery could pay." Based on this condition, RK accepted delivery of the trees. RK claimed it did not have the "fiscal strength to make the payment" "due to high rates of default by customers of RK." Therefore, RK generally denied the petition, and asserted affirmative defenses of fraud and failure of Texoma to meet conditions precedent. Noting that a number of the trees had died and claiming RK "would not have accepted these trees had it known that such a large number of them would die," RK also filed counterclaims under the Texas Deceptive Trade Practices Act (DTPA) that Texoma: a) represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have; b) failed to disclose information concerning goods or services which was known at the time of the transaction with intent to induce RK into a transaction which it would not have entered into had the information been disclosed; c) represented that an agreement conferred or involved rights, remedies, or obligations which it did not have; and d) undertook an unconscionable action or course of action. RK made no claim of fraudulent inducement, breach of warranty, or failure of consideration.

Texoma filed a traditional motion for summary judgment on its breach of contract claim. The summary judgment evidence consisted of an affidavit by David Clark, an officer of Texoma, which recounted its version of the events surrounding the sale of the trees, incorporating copies of the three invoices and the singular $8,400.00 check from RK referencing one invoice. Further summary judgment evidence was an affidavit of Texoma's attorney relating to attorney's fees and a

3

copy of RK's response to requests for admissions, in which RK admitted that it had received the invoices totaling $54,000.00 and that it had not paid the invoices. In its response, RK argued that Texoma was not entitled to summary judgment because payment was not due (because the initial agreement was that RK only had to pay "when it was able to pay for the trees" and that it was financially unable to do so) and that although the discovery showed that RK had been invoiced the $54,000.00, there was no summary judgment evidence showing that RK had agreed to pay that amount. This position was supported by an affidavit of Rick Hughes, RK's president, this being a reiteration of those positions and the facts surrounding them. In reply, Texoma objected to Hughes's affidavit on the basis that it was parol evidence which it alleged RK was attempting to employ to modify the terms of the written contract.

The trial court granted Texoma's motion for summary judgment on its breach of contract claim. A subsequent no-evidence motion for summary judgment was filed by Texoma on RK's DTPA cause of action. The court heard the matter, took it under advisement, and eventually granted Texoma's no-evidence motion. Final judgment was entered in favor of Texoma in the amount of $42,000.00 with $1,084.00 in attorney's fees.

Although there is neither a written order excluding this summary judgment evidence nor a statement by the trial court at the hearing that this was the basis for the grant of Texoma's summary judgments, RK appeals on the sole ground that the trial court should not have "excluded evidence

4

regarding the agreement of the parties under the parol evidence rule" or "applied the parol evidence rule to exclude [RK's] evidence to DTPA violations."[2]

## II. The Trial Court Did Not Rule On Texoma's Parol Evidence Objection

The granting of a summary judgment motion "does not necessarily provide an implicit ruling that either sustains or overrules objections to the summary-judgment evidence." *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 240–41 (Tex. App.—Waco 2003, no pet.) (citing *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.). For this reason, we cannot say the trial court implicitly sustained Texoma's parol evidence objection to Hughes's affidavit. *See Nevins v. Whitley*, No. 13-04-486-CV, 2005 WL 2036213 at *6–7 (Tex. App.—Corpus Christi Aug. 25, 2005, no pet.) (mem. op.) (rejecting argument court ruled on parol evidence objection to affidavit when granting summary judgment motion).

"As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2)(B). In this case, the record does not demonstrate that the trial court ruled on the parol

---

[2]Although the prayer seeks reversal of the trial court's judgment, RK never alleged the trial court erred in granting summary judgment in its brief. All claimed error was framed in terms of the trial court's "ruling" on the parol evidence issue.

5

evidence issue expressly or impliedly, or that it refused to rule.[3] Thus, RK has failed to preserve this issue for appellate review, and its points of error are overruled.

Moreover, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Hill v. Bartlette*, 181 S.W.3d 541, 544 (Tex. App.—Texarkana 2005, no pet.) (citing *Star- Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

Here, the trial court could have decided summary judgment was proper on Texoma's claims under the Texas Business and Commerce Code. The statute of frauds requires a contract for the sale of goods for the price of $500.00 or more to be memorialized by a writing sufficient to indicate that a contract was made. TEX. BUS. & COM. CODE ANN. § 2.201 (Vernon 2009). Since both Texoma and RK were merchants, a writing confirming a contract sent within a reasonable time was sufficient if Texoma had reason to know of its contents and failed to give written notice of objection within ten days of receipt. TEX. BUS. & COM. CODE ANN. §§ 2.201(b), 2.104 (Vernon 2009). The timely-sent invoices were sufficient to fulfill this requirement because RK failed to object to them in writing.[4] As such, parol evidence could not be used to contradict the terms of these invoices. TEX. BUS. & COM. CODE ANN. § 2.202 (Vernon 2009).

---

[3]In fact, the order on both motions for summary judgment denies all other relief requested.

[4]There was also no genuine issue of fact regarding whether the money was owed. Rather, the affidavit merely claimed that under its agreement with Texoma, RK did not have to pay until it was financially able to do so and that it did not have the fiscal strength to make payment; there was no contest of the amount which was owed.

6

Even had the court disregarded the "Net 30" and "Net 45" language in the invoices and decided that time of payment had not been specified, the Code provides that in the absence of such a specified time for payment, payment must be made at a reasonable time. TEX. BUS. & COM. CODE ANN. § 2.309 (Vernon 2009). Based on RK's admissions that it had received the trees, the check showing payment of one invoice, and the admission that RK had not paid the remainder approximately one year after acceptance of the trees, the trial court was authorized to grant summary judgment on Texoma's claim.

As to the no-evidence motion for summary judgment, RK was required to bring forth evidence demonstrating that: 1) it was a consumer; 2) Texoma engaged in false, misleading, or deceptive acts; and 3) the acts were a producing cause of RK's injuries. TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon Supp. 2008). Here, the petition refers to the alleged agreement made by the officer of Texoma for lax payment schedules and recites four of the DTPA's laundry list violations without analysis or application to the facts at hand. Although Hughes's affidavit mentioned that trees the subject of the sale had died, it does not allege that they died through any fault of Texoma or that the trees were defective in any way. Most compellingly, no evidence of any damage caused to RK was presented to the trial court. Thus, summary judgment on the no-evidence motion was properly granted.

7

### III.   Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    June 1, 2009
Date Decided:      June 2, 2009