In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00126-CV


______________________________




RK GREENERY INCORPORATED, Appellant



V.



TEXOMA PLANT & TREE FARMS, LLC, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2007-544




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 RK Greenery Incorporated (RK) appeals summary judgments granted in favor of Texoma
Plant & Tree Farms, LLC (Texoma) on the ground that the trial court improperly disregarded parol
evidence. Because the trial court did not rule on the parol evidence issue, RK has failed to preserve
an issue for appeal. We affirm. 

I. Procedural Background

 In June 2007, Texoma, a tree producer, sold RK, a commercial landscape contractor, a
nascent portable forest of 360 live oak trees, each tree in a forty-five-gallon container. The trees
were delivered in three shipments, made on June 19, 20, and 27, 2007, and were thereafter planted
by RK at various landscaping projects in Texas. After the trees were accepted, RK received three
invoices totaling $50,400.00. Only the invoice for June 20 in the sum of $8,400.00 was paid, leaving
an unpaid balance of $42,000.00. Because RK failed to pay the remaining invoices, Texoma filed
suit for breach of contract. (1) Texoma's petition alleged that RK agreed to make payments at specific
times as stated in the invoices, the first two of which included the term "Net 30" and the third stated
"Net 45" (i.e., that payment was to be made within thirty or forty-five days of delivery). 

 However, RK responded that it "never agreed to make a payment at a specific time." 
According to RK, Texoma's representatives had requested that RK purchase "a large lot of trees from
Texoma because Texoma was having serious difficulties marketing the trees" and, as an inducement
to make the sale, its representative "insisted that Texoma would accept payments on whatever
schedule RK Greenery could pay." Based on this condition, RK accepted delivery of the trees. RK
claimed it did not have the "fiscal strength to make the payment" "due to high rates of default by
customers of RK." Therefore, RK generally denied the petition, and asserted affirmative defenses
of fraud and failure of Texoma to meet conditions precedent. Noting that a number of the trees had
died and claiming RK "would not have accepted these trees had it known that such a large number
of them would die," RK also filed counterclaims under the Texas Deceptive Trade Practices Act
(DTPA) that Texoma: a) represented that goods or services had sponsorship, approval,
characteristics, ingredients, uses, benefits, or quantities which they did not have; b) failed to disclose
information concerning goods or services which was known at the time of the transaction with intent
to induce RK into a transaction which it would not have entered into had the information been
disclosed; c) represented that an agreement conferred or involved rights, remedies, or obligations
which it did not have; and d) undertook an unconscionable action or course of action. RK made no
claim of fraudulent inducement, breach of warranty, or failure of consideration.

 Texoma filed a traditional motion for summary judgment on its breach of contract claim. 
The summary judgment evidence consisted of an affidavit by David Clark, an officer of Texoma,
which recounted its version of the events surrounding the sale of the trees, incorporating copies of
the three invoices and the singular $8,400.00 check from RK referencing one invoice. Further
summary judgment evidence was an affidavit of Texoma's attorney relating to attorney's fees and a
copy of RK's response to requests for admissions, in which RK admitted that it had received the
invoices totaling $54,000.00 and that it had not paid the invoices. In its response, RK argued that
Texoma was not entitled to summary judgment because payment was not due (because the initial
agreement was that RK only had to pay "when it was able to pay for the trees" and that it was
financially unable to do so) and that although the discovery showed that RK had been invoiced the
$54,000.00, there was no summary judgment evidence showing that RK had agreed to pay that
amount. This position was supported by an affidavit of Rick Hughes, RK's president, this being a
reiteration of those positions and the facts surrounding them. In reply, Texoma objected to Hughes's
affidavit on the basis that it was parol evidence which it alleged RK was attempting to employ to
modify the terms of the written contract. 

 The trial court granted Texoma's motion for summary judgment on its breach of contract
claim. A subsequent no-evidence motion for summary judgment was filed by Texoma on RK's
DTPA cause of action. The court heard the matter, took it under advisement, and eventually granted
Texoma's no-evidence motion. Final judgment was entered in favor of Texoma in the amount of
$42,000.00 with $1,084.00 in attorney's fees. 

 Although there is neither a written order excluding this summary judgment evidence nor a
statement by the trial court at the hearing that this was the basis for the grant of Texoma's summary
judgments, RK appeals on the sole ground that the trial court should not have "excluded evidence
regarding the agreement of the parties under the parol evidence rule" or "applied the parol evidence
rule to exclude [RK's] evidence to DTPA violations." (2)

II. The Trial Court Did Not Rule On Texoma's Parol Evidence Objection 

 The granting of a summary judgment motion "does not necessarily provide an implicit ruling
that either sustains or overrules objections to the summary-judgment evidence." Choctaw Props.,
L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 240-41 (Tex. App.--Waco 2003, no pet.) (citing Allen
ex rel. B.A. v. Albin, 97 S.W.3d 655, 663 (Tex. App.--Waco 2002, no pet.). For this reason, we
cannot say the trial court implicitly sustained Texoma's parol evidence objection to Hughes's
affidavit. See Nevins v. Whitley, No. 13-04-486-CV, 2005 WL 2036213 at *6-7 (Tex.
App.--Corpus Christi Aug. 25, 2005, no pet.) (mem. op.) (rejecting argument court ruled on parol
evidence objection to affidavit when granting summary judgment motion). 

 "As a prerequisite to presenting a complaint for appellate review, the record must show that
. . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or
(B) refused to rule . . . and the complaining party objected to the refusal." Tex. R. App. P.
33.1(a)(2)(B). In this case, the record does not demonstrate that the trial court ruled on the parol
evidence issue expressly or impliedly, or that it refused to rule. (3) Thus, RK has failed to preserve this
issue for appellate review, and its points of error are overruled. 

 Moreover, when a trial court's order granting summary judgment does not specify the ground
or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the
theories advanced are meritorious. Hill v. Bartlette, 181 S.W.3d 541, 544 (Tex. App.--Texarkana
2005, no pet.) (citing Star- Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)). 

 Here, the trial court could have decided summary judgment was proper on Texoma's claims
under the Texas Business and Commerce Code. The statute of frauds requires a contract for the sale
of goods for the price of $500.00 or more to be memorialized by a writing sufficient to indicate that
a contract was made. Tex. Bus. & Com. Code Ann. § 2.201 (Vernon 2009). Since both Texoma
and RK were merchants, a writing confirming a contract sent within a reasonable time was sufficient
if Texoma had reason to know of its contents and failed to give written notice of objection within
ten days of receipt. Tex. Bus. & Com. Code Ann. §§ 2.201(b), 2.104 (Vernon 2009). The timely-sent invoices were sufficient to fulfill this requirement because RK failed to object to them in
writing. (4) As such, parol evidence could not be used to contradict the terms of these invoices. Tex.
Bus. & Com. Code Ann. § 2.202 (Vernon 2009). 

 Even had the court disregarded the "Net 30" and "Net 45" language in the invoices and
decided that time of payment had not been specified, the Code provides that in the absence of such
a specified time for payment, payment must be made at a reasonable time. Tex. Bus. & Com. Code
Ann. § 2.309 (Vernon 2009). Based on RK's admissions that it had received the trees, the check
showing payment of one invoice, and the admission that RK had not paid the remainder
approximately one year after acceptance of the trees, the trial court was authorized to grant summary
judgment on Texoma's claim. 

 As to the no-evidence motion for summary judgment, RK was required to bring forth
evidence demonstrating that: 1) it was a consumer; 2) Texoma engaged in false, misleading, or
deceptive acts; and 3) the acts were a producing cause of RK's injuries. Tex. Bus. & Com. Code
Ann. § 17.46 (Vernon Supp. 2008). Here, the petition refers to the alleged agreement made by the
officer of Texoma for lax payment schedules and recites four of the DTPA's laundry list violations
without analysis or application to the facts at hand. Although Hughes's affidavit mentioned that trees
the subject of the sale had died, it does not allege that they died through any fault of Texoma or that
the trees were defective in any way. Most compellingly, no evidence of any damage caused to RK
was presented to the trial court. Thus, summary judgment on the no-evidence motion was properly
granted. 

III. Conclusion 

 We affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 1, 2009

Date Decided: June 2, 2009

 
1. Although Texoma contends this was a suit on sworn account, its petition was unverified. 
2. Although the prayer seeks reversal of the trial court's judgment, RK never alleged the trial
court erred in granting summary judgment in its brief. All claimed error was framed in terms of the
trial court's "ruling" on the parol evidence issue. 
3. In fact, the order on both motions for summary judgment denies all other relief requested.
4. There was also no genuine issue of fact regarding whether the money was owed. Rather,
the affidavit merely claimed that under its agreement with Texoma, RK did not have to pay until it
was financially able to do so and that it did not have the fiscal strength to make payment; there was
no contest of the amount which was owed.