

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-24-00157-CV

_____

VIRGIE MATTHEWS, APPELLANT

V.

RONNIE JAMES MCFADDEN AND JACKIE DON MCFADDEN, APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-0957, Honorable Les Hatch, Presiding

January 30, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Virgie Matthews, appeals from the trial court's summary judgment declaring Appellees, Ronnie James McFadden and Jackie Don McFadden, owners of residential property she claims by adverse possession. Finding no merit to Matthews's claim, we affirm.

## Background

At her death, Julia McFadden bequeathed her home at 209 Redbud Avenue in Lubbock to her sons, Ronnie and Jackie McFadden. Since 2000, Matthews had occupied the residence under an agreement with the McFaddens. According to her testimony, the terms specified "as long as I, Virgie Matthews paid the property taxes I could reside at said residence, and they would never ask for me to move out." When the McFaddens discovered Matthews had stopped paying taxes, they attempted unsuccessfully to sell her the property and later filed an unsuccessful forcible detainer action.

The McFaddens then filed suit, alleging a trespass to try title or to quiet title. As an affirmative defense, Matthews claimed the 10-year adverse possession statute barred their claim. The McFaddens moved for traditional summary judgment to quiet title in their names and to defeat Matthews's adverse possession claim. They argued that Matthews's admitted permissive occupancy under their agreement negated, as a matter of law, the hostile possession element required for adverse possession. Matthews responded and submitted evidence. The trial court granted summary judgment, declaring the McFaddens "title owners" of the residence. Though the order did not expressly address Matthews's adverse possession defense, it included language making it final and appealable.[1]

---

[1] *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001) (explaining "the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties.").

2

**Analysis**

The standards for reviewing summary judgments are well-established and require little elaboration here. We review summary judgments de novo, taking as true all evidence favorable to the nonmovant and drawing every reasonable inference in the nonmovant's favor.[2] To prevail on summary judgment against Matthews's affirmative defense, the McFaddens faced the same burden they would face as defendants moving for summary judgment on a plaintiff's claim—to conclusively negate at least one essential element of the defense. *See Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

We interpret Matthews's sole issue on appeal to be that the trial court erred in finding she could not establish adverse possession as a matter of law. Under Texas law, adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1). The possession must be visible, open and notorious, peaceable, under a claim of right, hostile to the owner's claim, and continuous throughout the statutory period. *Wells v. Johnson,* 443 S.W.3d 479, 489 (Tex. App.—Amarillo 2014, pet. denied). Matthews bases her defense on the 10-year limitations period, which bars suits filed "later than 10 years after the day the cause of action accrues to recover real property held in peaceable and

---

[2] *See also Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Binur v. Jacobo*, 135 S.W.3d 646, 649 & n.3 (Tex. 2004); *Cohen v. Landry's Inc.,* 442 S.W.3d 818, 821 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a).

Key to our analysis is whether the McFaddens conclusively proved that Matthews's possession was not hostile for the requisite 10-year period. Permissive use of another's land cannot ripen into adverse possession until the landowner receives notice that the occupant claims a hostile interest. *Commander v. Winkler*, 67 S.W.3d 265, 269 (Tex. App.—Tyler 2001, pet denied) ("[P]ossession of land by adverse claimants who began their entry upon the disputed land with the acquiescence of the record owner cannot establish adverse possession unless or until they give notice of the hostile nature of their possession."). This notice must be express, and the rejection of permissive use must be "plain, positive, and clear-cut." *Tunnell v. Gary W. Compton and Loretta Compton Tr.*, No. 07-16-00406-CV, 2018 Tex. App. LEXIS 3940, at *9 (Tex. App.—Amarillo May 31, 2018, pet. denied) (mem. op.). Until the occupant provides such notice, they remain legally estopped from denying the owner's title. *Commander*, 67 S.W.3d at 270.

The McFaddens' evidence established that Matthews's occupancy began under an agreement: she could live in the residence as long as she paid property taxes. Tax records show continuous payments from 1999 through 2021; Matthews herself attests she paid taxes from January 2000 through February 2024. The McFaddens filed suit in 2023. Assuming that breach of the agreement by nonpayment is the act alleged to have made her possession hostile to the McFaddens' interests, then Matthews cannot establish the 10-year adverse possession period required by statute.

4

However, Matthews contends that other acts around 2010 transformed her permissive occupancy into hostile possession. She points to some improvements and repairs—installing a new sewer line, replacing windows, and maintaining the home— along with conversations with the McFaddens about her desire to "homestead" the property during that time. But none of these actions provided the notice required to convert permissive use into hostile possession. When possession begins with permission, as here, hostility only arises through "declaration or by open or visible act." *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781, 791 (1954). Without an explicit assertion of a claim of ownership to the owner, "the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed." *Id.* The improvements align with Matthews's right to occupy the residence while paying taxes. Similarly, her request to "homestead" the property fits within her permissive occupancy rights, as Texas law recognizes that homestead protection can attach to any possessory interest. *See Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 636 (Tex. 1987) (holding a homestead may attach to any possessory interest, subject to that interest's inherent limitations).

Matthews's affidavit also states that in 2010, she had conversations with the McFaddens regarding "my need for some type of documentation showing my interest to the house"[3] because they wouldn't help pay for repairs. Rather than evidencing a new hostile claim to ownership, these requests to the McFaddens merely confirm her status

---

[3] Matthews's reference to an "interest in the house" is a conclusion of fact amounting to no evidence. *See Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion. . . . A conclusory statement may set forth an unsupported legal conclusion or an unsupported factual conclusion.") (citations and internal quotation marks omitted).

as a permissive occupant.  After all, an owner would not need to request documentation of their interest from others—the very act of making such requests acknowledged the McFaddens' superior title.  Her discussions about repairs and documentation therefore reinforced, rather than repudiated, the permissive nature of her possession.

The McFaddens conclusively established that Matthews's possession remained permissive.  Her occupancy began with permission, continued through documented tax payments, and her 2010 conversations seeking documentation from them reinforced her status as a permissive occupant.  The record contains no more than a scintilla of evidence that her possession became hostile to the McFaddens' ownership for the required 10-year period.  *See* TEX. R. CIV. P. 166a(c).  *See also Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 210 (Tex. 2002) ("As we have said on more than one occasion, 'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'").  We overrule Matthews's sole issue.

## Conclusion

We overrule Matthews's issue on appeal and affirm the judgment of the trial court.

Lawrence M. Doss
Justice

6