Sharon Ann GRIFFIN, and Dennis H. Griffin, Appellants,

v.

BAYLOR COLLEGE OF MEDICINE and J. Mario Gonzalez, M.D., Appellees.

No. 01–95–01338–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 13, 1997.

John Gano, Houston, for appellants.

Kevin William Yankowsky, Houston, for appellees.

Before MIRABAL, HEDGES and SMITH[1], JJ.

## OPINION

MIRABAL, Justice.

This is an appeal of a summary judgment for defendants in a medical negligence case. We affirm.

Plaintiff Sharon Griffin (the wife), and her husband Dennis Griffin, sued defendants Baylor College of Medicine and J. Mario Gonzalez, M.D., along with other defendants.[2] The petition alleged that the 41–year–old wife was hospitalized, under the care and treatment of defendants, from September 1989 through May 1990. According to the petition, defendants were negligent because they failed to use proper protective measures to prevent the wife from developing a condition known as "foot drop."[3]

Defendants moved for summary judgment, asserting as grounds that they were not negligent and their acts and omissions were not a proximate cause of the wife's injuries. In support of the motion for summary judgment, defendants filed the affidavit of Dr. Gonzalez. The motion for summary judgment was filed on July 6, 1995, and it gave notice that submission on the motion would take place on July 31, 1995.

On July 28, 1995, three days before the submission date, plaintiffs filed a reply to defendants' motion for summary judgment. On July 31, 1995, the trial court signed an order granting defendants' motion for summary judgment.

■ In points of error one and two, plaintiffs assert the trial court erred in rendering summary judgment because plaintiffs' response to defendants' motion for summary judgment raised material fact issues. Be-

1. The Honorable Jack Smith, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. The summary judgment for Baylor and Dr. Gonzalez was severed from the remainder of the case, and appealed.

cause plaintiffs' response to the motion for summary judgment was filed only three days before the date of submission of the motion, and because plaintiffs did not seek or obtain leave to file a late response, we must presume the trial court did not consider the response. TEX.R.CIV.P. 166a(c); *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490–91 n. 1 (Tex.1988); *INA v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985);

Accordingly, we overrule points of error one and two.

■ In point of error three, plaintiffs assert the trial court erred in granting summary judgment based on the "affidavit" of Dr. Gonzalez, because the "affidavit" is not properly sworn, subscribed, and certified as required by the Government Code, which states:

"Affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.

TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1988).

The Griffins claim Dr. Gonzalez's "affidavit" is defective because it contains an "acknowledgment," and not a jurat. Following Dr. Gonzalez's signature appears the following:

THE STATE OF TEXAS
COUNTY OF HARRIS

This instrument was acknowledged before me on the 6th day of July, 1995, by J. Mario Gonzalez, M.D.

/s/ Tommy R. Liles
Notary Public in and for the
State of Texas

Plaintiffs are correct that this is merely an "acknowledgement." However, this alone does not mean the document is not an affidavit. Plaintiffs fail to mention that the top of the affidavit reads as follows:

3. The condition is also known as "plantar flexion," and "Achilles tendon contracture."

BEFORE ME, the undersigned authority, on this day personally appeared J. Mario Gonzalez, M.D., known to me as the person whose name is subscribed to the following instrument, and having been duly sworn, upon his oath deposes and states the following: . . .

This language, combined with the notary's signature and seal, makes the document an affidavit. *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645–46 (Tex.1995); *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 608–09 (Tex.App.—Waco 1993, writ denied).

We overrule plaintiffs' point of error three.

We affirm the judgment.