Opinion issued December 22, 2009

 

 

 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00772-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



BRYAN D. MALATESTA and WILLIE VONCILLE MALATESTA,
Appellants

 

V.

 

DOVE MEADOWS HOMEOWNERS ASSOCIATION, INC., 

Appellee

 

 



On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2005-67601

 

 



MEMORANDUM OPINION

          Bryan
D. Malatesta and Willie Voncille Malatesta, record owners of a parcel on
Meadowhill Drive in the Dove Meadows subdivision (the Meadowhill Drive
property), appeal the trial court’s summary judgment granting Dove Meadows’s
request for injunctive relief for deed restriction violations and attorney’s
fees.  The Malatestas contend that the
trial court erred in failing to consider their appearance and response in
opposition to Dove Meadows’s motion for summary judgment.  They also challenge the affidavits Dove
Meadows submitted with its motion, contending that they cannot support the
summary judgment.  Finding no error, we affirm.

BACKGROUND

          At
some point after the Malatestas purchased the Meadowhill Drive property, they
arranged for Thomas and Suzanne Hayes to buy it under a contract for deed (now
defined as an executory contract in the Texas Property Code)[1],
under which the Hayeses would not become the record property owners until they
had paid the full purchase price.  At the
time Dove Meadows instituted this suit, the Hayeses resided at the Meadowhill
Drive property and their equitable interest under the contract appeared in the
Harris County property records.  

During late 2004, Susan Franz, the managing
agent for Dove Meadows, personally observed conditions at the Meadowhill Drive
property that violated the subdivision’s deed restrictions.  On December 9, 2004, Dove Meadows sent by
certified mail a written notice to the Malatestas demanding that they correct the
deed restriction violations by December 29. 
The letter cited the following violations:

·       
storing
and repairing inoperative vehicles on the driveway;

·       
using
a backyard as a residence;

·       
storing
a utility trailer on the driveway;

·       
using
the front yard to park a boat and other vehicles;

·       
allowing
trash to accumulate on the driveway;

·       
failing
to repair broken fence slats; and

·       
failing
to properly restrain dogs on the property.

Dove Meadows included a copy of the
subdivision’s deed restrictions with its letter.  

When the Malatestas did not comply
with its demands, Dove Meadows sent another deed restriction demand letter on
January 18, 2005.  In that letter, Dove
Meadows gave the Malatestas an additional ten days to cure the violations.  Willie Malatesta signed the certified mail
receipt for the final demand letter on January 20, 2005.  

          Dove
Meadows repeated its demands in additional letters to the Malatestas dated
February 21, 2005, July 5, 2005, and August 1, 2005.  In each, Dove Meadows cited the conditions in
violation of the deed restrictions, and demanded that the Malatestas cure them
within a specified time.  Dove Meadows
also advised the Malatestas of its intent to file suit for injunctive relief
and attorney’s fees.  

When nothing had been done to cure
the violations by October 19, 2005, Dove Meadows filed suit against the
Malatestas, then supplemented its petition in February 2007 to name the Hayeses
as additional defendants.  Dove Meadows
moved for summary judgment against all of the defendants in April 2008.  As summary judgment evidence, Dove Meadows
provided (1) proof of property ownership; (2) a copy of the subdivision’s deed
restrictions; (3) an affidavit executed by Franz, in which she averred to her
personal observation of the violations and attached copies of photographs she
had taken of the Meadowhill Drive property showing the violative conditions, as
well as the demand letters sent to the Malatestas.  

The Malatestas timely filed a pro se response
to the summary judgment motion.  When Dove
Meadows objected to the Malatestas’ affidavits as conclusory and devoid of
facts, the trial court postponed the submission date until June 9, 2008 to
allow the Malatestas time to retain counsel.  




 

On June 2, 2008, the Malatestas,
still proceeding pro se, filed a supplemental response with new affidavits with
the trial court and served it on Dove Meadows’s counsel by first class
mail.  Dove Meadows objected to the
Malatestas’ supplemental response as untimely. 


On June 12, 2008, the trial court
granted summary judgment in favor of Dove Meadows.  The trial court found that the Malatestas and
the Hayeses “have violated the Restrictions for Dove Meadows, Section One (1),
on file in the Deed Records of Harris County, Texas . . . as well as the Texas Neighborhood Nuisance Abatement Act,
Chapter 343 of the Texas Health and Safety Code.”  Based on its findings, the trial court permanently
enjoined the Malatestas and the Hayeses from “causing or allowing” the cited
deed restriction violations and granted Dove Meadows its attorney’s fees, entering
judgment jointly and severally against the Malatestas and the Hayeses.  The Hayeses did not challenge the judgment
and are not parties to this appeal.

DISCUSSION

Summary judgment standard of review

We review a
trial court’s summary judgment de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Provident
Life Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  When reviewing a summary judgment, we take as true all evidence favorable
to the nonmovant and indulge every reasonable inference and resolve any doubts
in the nonmovant’s favor.  Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d at 215; Sci. Spectrum,
Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  

Dove
Meadows moved for summary judgment under both traditional and no-evidence
grounds.  Traditional summary judgment is
proper only if the movant establishes that there is no genuine issue of
material fact and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c). The motion must state the specific grounds relied
upon for summary judgment.  Id.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc., 941 S.W.2d at 911.

          After
adequate time for discovery, a party may move for a no-evidence summary
judgment on the ground that no evidence exists to support one or more essential
elements of a claim or defense on which the opposing party has the burden of
proof.  Tex.
R. Civ. P. 166a(i).  The trial
court must grant the motion unless the nonmovant produces summary judgment
evidence raising a genuine issue of material fact.  Id.  More than a scintilla of evidence exists if
the evidence “would allow reasonable and fair-minded people to differ in their
conclusions.”  Forbes Inc. v. Granada Bioscis., Inc., 124 S.W.3d 167, 172 (Tex. 2003).  

Objections to summary judgment evidence

 

          The
Malatestas first contend that the trial court erred in granting summary
judgment because Franz’s affidavit is defective.  Specifically, the Malatestas claim that,
because the jurat following Franz’s signature recited that “Anita Ashmore,”
rather than “Susan Franz,” personally appeared before the notary, the affidavit
was fatally defective and should have been struck. 

“Affidavit” means a statement in
writing of a fact or facts signed by the party making it, sworn to before an officer
authorized to administer oaths, and officially certified by the officer under
his seal of office.  Tex. Gov’t Code Ann. § 312.011(1)
(Vernon 1988).  To constitute competent
summary judgment evidence, affidavits must be made on personal knowledge, set
forth facts as would be admissible in evidence, and show affirmatively that the
affiant is competent to testify to matters stated therein.  Tex.
R. Civ. P. 166a(f).  

In Griffin v. Baylor College of Medicine, we encountered an error in
the same portion of the affidavit as that complained of here.  See 945
S.W.2d 158 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  In that case, the portion of the affidavit before
the notary’s signature recited, “[t]his instrument was acknowledged before me
on the 6th day of July, 1995, by J. Mario Gonzalez, M.D.”  Id.
at 159.  The appellant complained that
the affidavit was infirm because it was only acknowledged and not properly
sworn by the affiant and, thus, lacked the required jurat.  We examined the recitation at the beginning
of the affidavit, which stated:

BEFORE ME,
the undersigned authority, on this day personally appeared J. Mario Gonzalez,
M.D., known to me as the person whose name is subscribed to the following
instrument, and having been duly sworn, upon his oath deposes and states the
following:

Id. at 160.  Relying on the Texas Supreme Court’s holding
in Ford Motor Co. v. Leggat, 904
S.W.2d 643 (Tex.1995), we held that “[t]his language, combined with the notary’s
signature and seal, makes the document an affidavit.”  Griffin,
945 S.W.2d at 160 (citing Ford Motor Co.,
904 S.W.2d at 645–46).

          Here,
Franz’s affidavit begins:  “BEFORE ME,
the undersigned authority, on this day personally appeared SUSAN FRANZ, who
being first duly sworn, did depose and say as follows[.]”  Like the language in Griffin, we hold that this language meets the requirements of an
affidavit under Texas law and, accordingly, Franz’s affidavit supports the
trial court’s summary judgment ruling.  See id.
at 159–60; see also Ford Motor Co., 904
S.W.2d at 645 (holding that defective jurat, as opposed to absence of jurat, is
defect of form and noting that affidavit was proper even without jurat because
it contained acknowledgment and recited that affiant was “first duly sworn,”
and “on his oath” stated what followed); Billingslea
v. State, 268 S.W.2d 668, 669 (Tex. Crim. App. 1954) (holding that variance
between affiant’s signature and name of affiant recited in jurat is defect of
form that can be corrected).[2] 

Deadline for filing response to summary judgment

The Malatestas next complain that the
trial court erred in failing to consider their response and supplemental
response which, they claim, raise material fact issues precluding summary
judgment.  As evidence, the Malatestas
attached affidavits to their responses in which they averred that they oversee
the upkeep of the Meadowhill Drive property by communicating regularly with the
Hayeses and with a neighbor who is a licensed attorney and irregularly monitors
the property conditions for them.  These statements
affirmatively show a lack of personal knowledge.  The mere recitation that an affidavit is
based on personal knowledge is inadequate if the affidavit does not positively
show a basis for such knowledge.  See Leavings v. Mills, 175 S.W.3d 301, 312
(Tex. App.—Houston [1st Dist.] 2004, no pet.) 


In their affidavits, the Malatestas
conclusorily deny having caused or allowed the cited deed restriction
violations.  An affidavit is conclusory
if it fails to explain the basis of the affiant’s statements to link his
conclusions to the facts.  Earle v. Ratliff, 998 S.W.2d 882, 890
(Tex. 1999).  Because such statements are
not proof, they cannot create a disputed issue of material fact.  See Laidlaw
Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 661 (Tex. 1995) (holding that
conclusory statements are not proof); see
also CA Partners v. Spears, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied); 1001 McKinney
Ltd. v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 27
(Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997)).

In its reply to the Malatestas’
response, Dove Meadows objected to the Malatestas’ affidavits and requested
that they be disregarded on the grounds that (1) they fail to state that the
statements therein are true and correct; (2) they do not show that the
Malatestas had any personal knowledge of the conditions on the property, but rather,
show that the Malatestas obtained their information concerning the property
conditions from others; (3) their denials of the cited violations are
conclusory and therefore no evidence.  The
trial court’s judgment states that the Malatestas “failed to file a proper answer/response”
to Dove Meadows’s motion and reflects that it did not consider the Malatestas’
filed responses in rendering the summary judgment.  We hold that the record supports the trial
court’s decision to disregard the Malatestas’ affidavits on these grounds.[3]  

CONCLUSION

 

We hold that the trial court properly
granted summary judgment in favor of Dove Meadows.  We therefore affirm the judgment of the trial
court.

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1] See Tex. Prop. Code Ann. § 5.062(a)(2) (Vernon
Supp. 2009).

 





[2] Dove Meadows filed and served a corrected affidavit
when the error was brought to its attention. 


 





[3] Because they have not presented any basis for
reversal, we need not consider the Malatesta’s challenge to the lack of a
hearing on their motion for new trial.  See Tex.
R. App. P. 44.1.